IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | CASE NO. 20-34542 |
| | § | |
| **CHRISTOPHER MARK LATHAM,** | § | **CHAPTER 7** |
| *Debtor* | § | |
| | § | **JUDGE JEFFREY P NORMAN** |

| | | |
|---|---|---|
| **AMOCO FEDERAL CREDIT UNION** | § | |
| *Plaintiff* | § | |
| | § | |
| vs. | § | |
| | § | **ADVERSARY NO. _____** |
| | § | |
| **CHRISTOPHER MARK LATHAM,** | § | |
| *Defendant* | § | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBT
AND FOR DETERMINATION OF MONEY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, AMOCO FEDERAL CREDIT UNION ("AFCU" or "Plaintiff"), by and through the undersigned attorney, and files its COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBT AND FOR DETERMINATION OF MONEY JUDGMENT ("Complaint") complaining of DEFENDANT CHRISTOPHER MARK LATHAM, and for cause of action would show the Court the following:

**I. NATURE OF CLAIMS**

1. Plaintiff files this Complaint pursuant to 11 U.S.C. §§ 523(a)(2)(B) and for a Determination of Money Judgment against Defendant.

1

## II. PARTIES

2. Creditor/Plaintiff Amoco Federal Credit Union is a federal credit union with a primary place of business in Texas City, Galveston County, Texas.

3. Debtor/Defendant Christopher Mark Latham ("Debtor" or "Defendant") is an individual and a debtor in the above-referenced Chapter 7 bankruptcy case in which AFCU is a creditor. Service may be made upon the Debtor by mailing a copy of the summons and Complaint to his/her address as listed on the schedules filed in the underlying bankruptcy proceeding and to the Debtor's current attorney at his/her address of record pursuant to FED. R. BANKR. P. 7004(a)(1).

## III. JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 157(b) and 28 U.S.C. § 1334(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (I) & (J). This complaint is made pursuant to Fed. R. BANKR. R. 7001, *et. seq.,* and 4004 & 4007.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## IV. FACTUAL BACKGROUND

6. Prior to January 16, 2020, AFCU had extended credit to the Debtor in the form of an unsecured personal loan. As of January 16, 2020, the balance owed to AFCU was SIXTEEN THOUSAND FOUR HUNDRED THIRTEEN AND 05/100 DOLLARS ($16,413.05.)

7. On January 16, 2020 the Debtor submitted an application for additional credit to AFCU. Attached hereto as Exhibit A is a true and correct copy of the Application.

8. In the Application the Debtor represented to AFCU that he was employed by Schlumberger and had a gross monthly income of TEN THOUSAND FOUR HUNDRED THIRTEEN AND NO/100 ($10,413.00).

9. Based on the information submitted by the Debtor in the Application, AFCU approved additional an increase in the personal loan to a total amount of TWENTY-TWO

THOUSAND THIRTY-SIX AND 52/100 ($22,036.52). The increase in the personal loan resulted in AFCU advancing the Debtor additional funds totaling FIVE THOUSAND SIX HUNDRED TWENTY-THREE AND 47/100 DOLLARS ($5,623.47).

10. AFCU and the Debtor entered into a new Loan and Security Agreement(s) and Disclosure Statement. ("Loan Agreement"). Attached hereto as Exhibit B is a true and correct copy of the Loan Agreement.

11. On January 16, 2020 the Debtor was not employed by Schlumberger, was not otherwise employed, and did not have any income. The Debtor did not have gross monthly income of TEN THOUSAND FOUR HUNDRED THIRTEEN AND NO/100 ($10,413.00).

12. But for the written representations in the Application, AFCU would not have extended any additional credit to the Debtor. Had the Debtor disclosed that he was unemployed and had no income, AFCU would not have extended him any additional loans(s) or credit.

13. Debtor knowingly made a false statement to AFCU about his employment and income so that AFCU would extend him additional credit/monies. The Debtor made a false statement on his January 16, 2020 Application.

14. After applying all offsets and credit, the Debtor is indebted to AFCU according to the terms and conditions of the Loan Agreement in the amount of not less than FIVE THOUSAND SIX HUNDRED TWENTY-THREE AND 47/100 DOLLARS ($5,623.47) plus accrued interest, the difference in the amount due on January 16, 2020 prior to the additional funds less the payments received and attorney's fees and costs.

### V. COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

A. **11 U.S.C. § 523(a)(2)(B)**

15. The conduct and/or omissions described herein in paragraphs 6 through 14 are re-alleged and incorporated herein by reference.

16.     AFCU objects to the dischargeability of the debt owed by the Debtor to AFCU under 11 U.S.C. § 523(a)(2)(B) and requests a determination by the Court of the dischargeability of said debt.

17.     Under 11 U.S.C. § 523 (a)(2)(B)(i)-(iv), a discharge under Chapter 7 does not discharge an individual debtor from any debt for money to the extent such money was obtained by the use of a statement in writing: (1) that is materially false; (2) respecting the debtor's financial condition; (3) on which the creditor reasonably relied; and (4) that the debtor caused to be made or published with intent to deceive.

18.     The Debtor's financial information in the Application was instrumental in inducing AFCU extend additional credit to the Debtor on January 16, 2020.

19.     The Debtor's financial information submitted to AFCU in the January 16, 2020 Application was materially false, and such false information directly related to the Debtor's financial condition. Specifically, the Debtor failed to accurately disclose that he did not work for Schlumberger, was unemployed and not earning any monthly income.

20.     Such actions and/or omissions by the Debtor constitute direct violations within the meaning of 11 U.S.C. § 523(a)(2)(B) of such a nature as to deny the dischargeability of the debt owed to AFCU.

## RELIEF REQUESTED

AFCU respectfully requests that Defendant appear and answer herein and, upon final hearing of the Complaint, AFCU be granted the following relief as follows:

(A)     Any debt owed by Debtor to AFCU is nondischargeable, pursuant to 11 U.S.C. § 523(a)(2)(B);

(B)     Reasonable and necessary attorneys' fees;

(D)     Costs of court; and

(E) For such other and further relief to which AFCU may be entitled.

DATED: December 14, 2020

Respectfully submitted,

MURRAY | LOBB, PLLC

By: */s/Kyle Dickson*
Kyle L. Dickson
Southern District Bar No. 13441
State Bar No. 05841310
700 Gemini, Suite 115
Houston, Texas 77058
Tel: (281) 488-0630
Fax: (281) 488-2039
Email: *kdickson@murray-lobb.com*

ATTORNEYS FOR AMOCO FEDERAL CREDIT UNION